# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS

```
* * * * * * * * * * * * * * * * * * *    *
CAROL LYNCH,                             *
                                         *    No. 14-716V
                    Petitioner,          *    Special Master Christian J. Moran
                                         *
v.                                       *    Filed: June 19, 2017
                                         *
SECRETARY OF HEALTH                      *    Attorneys' fees and costs.
AND HUMAN SERVICES,                      *
                                         *
                    Respondent.          *
* * * * * * * * * * * * * * * * * * *    *
```

<u>Lawrence R. Cohan</u>, Anapol Weiss, Philadelphia, PA, for Petitioner;
<u>Debra A. Filteau Begley</u>, United States Dep't of Justice, Washington, DC, for
Respondent.

### UNPUBLISHED DECISION AWARDING ATTORNEYS' FEES AND COSTS[1]

     Carol Lynch prevailed in her claim brought in the National Childhood
Vaccine Compensation Program.  She is now seeking an award for attorneys' fees
and costs.  She is awarded **$55,367.31**, which is the amount requested.

*    *    *

     Represented by attorney Lawrence R. Cohan, Ms. Lynch filed her petition
on August 8, 2014, alleging that a mumps-measles-rubella vaccination caused her
to suffer from Guillain-Barré syndrome.  After the Secretary found the evidence
insufficient to support this claim, Ms. Lynch retained an expert witness,

---

[1] The E-Government Act, 44 U.S.C. § 3501 note (2012) (Federal Management and
Promotion of Electronic Government Services), requires that the Court post this decision on its
website.  Pursuant to Vaccine Rule 18(b), the parties have 14 days to file a motion proposing
redaction of medical information or other information described in 42 U.S.C. § 300aa-12(d)(4).
Any redactions ordered by the special master will appear in the document posted on the website.

neurologist Lawrence Steinman, to file a report.  Dr. Steinman wrote such a report, and later wrote a second report in response to a report from an expert the Secretary retained.  After discussions, the parties resolved this case.  The parties submitted a stipulation that a decision incorporated.  <u>Decision</u>, 2016 WL 7469871 (Dec. 6, 2016).

On May 24, 2017, Ms. Lynch filed a motion for an award of attorneys' fees and costs.  The motion seeks a total of $55,367.31, comprised of $38,410.00 in attorneys' fees and $16,957.31 in attorneys' costs.  Ms. Lynch did not incur any costs.

The Secretary filed a response to Ms. Lynch's motion.  The Secretary represented that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case."  Resp't's Resp., filed June 12, 2017, at 2.  With respect to amount, the Secretary recommended "that the special master exercise his discretion" when determining a reasonable award for attorneys' fees and costs.  <u>Id.</u> at 3.

This matter is now ripe for adjudication.

\*       \*       \*

Because Ms. Lynch received compensation, she is entitled to an award of reasonable attorneys' fees and costs.  42 U.S.C. § 300aa–15(e).  Thus, the unresolved question is what is a reasonable amount of attorneys' fees and costs?

## I.      Attorneys' Fees

The Federal Circuit has approved the lodestar approach to determine reasonable attorneys' fees and costs under the Vaccine Act.  This is a two-step process.  <u>Avera v. Sec'y of Health & Human Servs.</u>  515 F.3d 1343, 1348 (Fed. Cir. 2008).  First, a court determines an "initial estimate … by 'multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.'"  <u>Id.</u> at 1347-48 (quoting <u>Blum v. Stenson</u>, 465 U.S. 886, 888 (1984)).  Second, the court may make an upward or downward departure from the initial calculation of the fee award based on specific findings.  <u>Id.</u> at 1348.  Here, because the lodestar process yields a reasonable result, no additional adjustments are required.  Instead, the analysis focuses on the elements of the lodestar formula, a reasonable hourly rate and a reasonable number of hours.

A.    Reasonable Hourly Rate

Under the Vaccine Act, special masters, in general, should use the forum (District of Columbia) rate in the lodestar calculation. <u>Avera</u>, 515 F.3d at 1349. There is, however, an exception (the so-called <u>Davis County</u> exception) to this general rule when the bulk of the work is done outside the District of Columbia and the attorneys' rates are substantially lower. <u>Id.</u> 1349 (citing <u>Davis Cty. Solid Waste Mgmt. and Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency</u>, 169 F.3d 755, 758 (D.C. Cir. 1999)). In this case, all the attorneys' work was done outside of the District of Columbia.

 Thus, under <u>Avera</u>, the determination of an attorney's hourly rate is a three-step process. "First, the hourly rate in the attorneys' local area must be established. Second, the hourly rate for attorneys in Washington, DC must be established. Third, these two rates must be compared to determine whether there is a very significant difference in compensation." <u>Masias v. Sec'y of Health & Human Servs.</u>, No. 99-697V, 2009 WL 1838979, at *4 (Fed. Cl. Spec. Mstr. June 12, 2009) (citing <u>Avera</u>, 515.3d at 1353 (Rader, J. concurring)), <u>mot. for rev. denied</u> (slip op. Dec. 10, 2009), <u>aff'd</u>, 634 F.3d 1283 (Fed. Cir. 2011), <u>corrected</u>, 2013 WL 680760 (Fed. Cl. Spec. Mstr. Jan. 30, 2013).

Ms. Lynch requests compensation for two attorneys, Lawrence Cohan and David J. Carney, as well as paralegals who assisted them. Mr. Cohan has charged $400.00 per hour, Mr. Carney has mostly charged $275.00 per hour and charged $290.00 per hour for the few hours he worked in 2017, and the paralegals have charged $135.00 per hour. These rates are reasonable. <u>Shorkey v. Sec'y of Health & Human Servs.</u>, No. 15-768V, 2017 WL 2119118 (Fed. Cl. Spec. Mstr. April 21, 2017); <u>Florence v. Sec'y of Health & Human Servs.</u>, No. 15-255V, 2016 WL 6459592 (Fed. Cl. Spec. Mstr. Oct. 6, 2016).

B.    Reasonable Number of Hours

The second factor in the lodestar formula is a reasonable number of hours. Reasonable hours are not excessive, redundant, or otherwise unnecessary. <u>See Saxton v. Sec'y of Health & Human Servs.</u>, 3 F.3d 1517, 1521 (Fed. Cir. 1993). The Secretary also did not directly challenge any of the requested hours as unreasonable.

In light of the Secretary's lack of objection, the undersigned has reviewed the fee application for its reasonableness. <u>See Shea v. Sec'y of Health & Human</u>

3

Servs., No. 13-737V, 2015 WL 9594109, at *2 (Fed.  Cl. Spec. Mstr Dec. 10, 2015) ("special masters are not obligated to evaluate an attorney's billing records on a line-by-line basis in making the reasonableness determination … and certainly need not do so when Respondent has not attempted to highlight any specific alleged inefficiencies").

The attorneys' and paralegals' entries describe the activities with sufficient detail that the reasonableness of the work may be assessed.  The timesheets show a marked improvement over the timesheets submitted in Florence, 2016 WL 6459592, in which the undersigned special master found many entries vague.  Due to the more fulsome descriptions in the timesheets and the overall reasonableness of the activities, no adjustments are required.

For these reasons, Ms. Lynch is awarded the amount requested in attorneys' fees, $38,410.00.

## II.    Costs

In addition to seeking an award for attorneys' fees, Mr. Hoskins seeks compensation for costs expended, totaling $16,938.11.  The costs for routine items, such as medical records and the filing fee are reasonable.  Mr. Hoskins is awarded these costs ($4,688.11) in full.

The balance ($12,250.00) is for the work of Dr. Steinman.  His invoice presents a reasonable hourly rate and a reasonable number of hours.

For these reasons, Ms. Lynch is awarded the amount requested in attorneys' costs, $16,938.11.

*        *        *

The Vaccine Act permits an award of reasonable attorneys' fees and costs. §15(e).  The undersigned finds $55,367.31 ($38,410.00 in fees and $16,957.31 in costs) to be a reasonable amount for all attorneys' fees and costs incurred.  The undersigned GRANTS the petitioner's motion and awards $55,367.31 in attorneys' fees and costs.  This shall be paid as follows:

**A lump sum of $55,367.31 in the form of a check made payable to petitioner and petitioner's attorney, Lawrence Cohan, of Anapol Weiss, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e).**

4

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment herewith.[2]

**IT IS SO ORDERED**.

S/Christian J. Moran
Christian J. Moran
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.